IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| ELISE G. K. MORRISON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NATIONAL COLLEGIATE ATHLETIC )<br>ASSOCIATION, *et al*., )<br>)<br>Defendants. ) | Case No. 2:25-cv-00254-MHW-KAJ |

# **RULE 26(f) REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on July 7, 2025, and was attended by:

Eric H. Zagrans, ZAGRANS LAW FIRM LLC, counsel for Plaintiff, Elise G.K. Morrison,

Aneca E. Lasley, ICE MILLER LLP, counsel for Defendants, National Collegiate Athletic Association and Bethany Dannelly,

Christopher E. Hogan, LUPER NIEDENTHAL & LOGAN, L.P.A., counsel for Defendants, Capital University, Preston Day and Duaa Zaghmot,

Aaron M. Glasgow, ISAAC WILES BURKHOLDER & MILLER LLC, counsel for Defendants, City of Bexley and Jeremy Grimes.

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1. CONSENT TO MAGISTRATE JUDGE

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

_____Yes    _X_No

2. INITIAL DISCLOSURES

Have the parties agreed to make initial disclosures?

_X_Yes    _____No    _____The proceeding is exempt under Rule 26(a)(1)(B)

Plaintiff proposes that such initial disclosures shall be made by August 11, 2025. Defendants propose that such initial disclosures be made 14 days after the Court's ruling on the last of the pending motions.

3. <u>VENUE AND JURISDICTION</u>

Are there any contested issues related to venue or jurisdiction?

\_\_\_\_\_Yes     \_\_X\_\_No

If yes, describe the issue:

If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by _____.

4. <u>PARTIES AND PLEADINGS</u>

   a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by August 29, 2025.

   b. If the case is a class action, the parties agree that the motion for class certification shall be filed by _____.

5. <u>MOTIONS</u>

   a. Are there any pending motion(s)?

      \_\_X\_\_Yes     \_\_\_\_\_No

      If yes, indicate which party filed the motions, and identify the motions by name and docket number: (*See* "Issues," No. 6 below.)

   b. Are the parties requesting expedited briefing on the pending motion(s)?

      \_\_\_\_\_Yes     \_\_X\_\_No

      If yes, identify the proposed expedited schedule:

      Opposition to be filed by_____; Reply brief to be filed by_____.

6. <u>ISSUES</u>

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand:

Plaintiff alleges that Defendants acted together, in a joint and concerted effort based on false and contrived accusations of supposedly obscene and disruptive behavior, to deprive Plaintiff of her liberty, associational, privacy, and reputational interests under color of law, based on the instructions and directions of an official of the NCAA, at the Women's D-III Basketball National Championship Game at the Capital Center Performance Arena on the grounds of Capital University on March 16, 2024.

The Complaint filed on March 14, 2025 (Doc. 1) alleges Section 1983 claims of violations of federal constitutional rights (First Claim for Relief), and pendent state law claims alleging violations of rights protected by the Constitution of the State of Ohio (Second Claim for Relief), Falsification in violation of R.C. 2921.13 (Third Claim for Relief), Negligence (Fourth Claim for Relief), False Arrest and False Imprisonment (Fifth Claim for Relief), False-Light Invasion of Privacy (Sixth Claim for Relief), Defamation (Seventh Claim for Relief), and Intentional Infliction of Emotional Distress (Eighth Claim for Relief).  Plaintiff has requested a trial by jury on all issues so triable.

Defendants NCAA and Dannelly dispute the allegations set forth in Plaintiff's Complaint and filed a motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted on June 30, 2025 (Doc. 28).

Defendants Capital University, Preston Day and Duaa Zaghmot filed a motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), on June 26, 2025 (Doc. 24).

Defendants City of Bexley and Jeremy Grimes also filed a motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), on June 26, 2025 (Doc. 25-1).

Plaintiff's counsel intends to move the Court for an Order enlarging the time for responding to Defendants' three pending dispositive motions on the same date – August 18, 2025 – and is in the process of asking Defendants' counsel whether he can represent to the Court in Plaintiff's motion for extension of time that they consent to the requested extension, pursuant to S.D. Ohio Civ. R. 7.3(a).

7. DISCOVERY PROCEDURES

   a. Plaintiff proposes that discovery may begin immediately after the initial disclosures and that all discovery shall be completed by December 19, 2025.

      Defendants propose all discovery shall be completed by 6 months after the Court rules on the last pending motion to dismiss or for judgment on the pleadings.

      The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so.  If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court.  To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call-in number.

   b. Do the parties anticipate the production of ESI?   __X__ Yes   ____ No

      The protocol for such production:  The parties will reach an ESI agreement as to the specific protocol for such production that will include, without limitation, provisions for the production of ESI in native format upon request with all metadata intact, or otherwise in either searchable PDF or TIF format, by August 11, 2025.

    c.    Do the parties intend to seek a protective order or claw-back agreement?  Yes. Such proposed order or agreement will be produced to the Court by August 11, 2025.

8.    <u>DISPOSITIVE MOTIONS</u>

    a.    Plaintiff proposes that any dispositive motions shall be filed by April 1, 2026.

        Defendants propose that any dispositive motions shall be filed by one month after the close of expert discovery.

    b.    Are the parties requesting expedited briefing on dispositive motions?

        ____Yes    __X__No

9.    <u>EXPERT TESTIMONY</u>

    a.    Primary expert reports must be produced by January 30, 2026.

    b.    Rebuttal expert reports must be produced by February 28, 2026.

10.    <u>SETTLEMENT</u>

Plaintiff will a make a settlement demand by March 10, 2026.  Each Defendant will respond by March 25, 2026. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference. The Court refers cases to settlement throughout the year.  The parties request the following month and year:   April 2026

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement conference orders which require, *inter alia*, that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

11.    <u>RULE 16 PRETRIAL CONFERENCE</u>

Do the parties request a scheduling conference?

_____Yes, the parties would like a conference with the Court prior to it issuing a scheduling order.   The parties request that the conference take place _____ in chambers _____ by telephone.

__X__ No, a conference is not necessary; the Court may issue a scheduling order after considering this Report.

12.    <u>OTHER MATTERS</u>

Indicate any other matters for the Court's consideration:  Defendant City of Bexley requests that

4

the Court order Plaintiff to provide a statement of all costs, including attorney's fees, for which Plaintiff will seek recovery as a prevailing party pursuant to 42 U.S.C. § 1988, with reporting to begin on August 15, 2025 and continue every 120 days thereafter until the conclusion of this case. The requested information, which may be sent by Plaintiff's counsel to Defendants' counsel, need only include the total amount of attorney's fees and the total amount of expenses.

For Plaintiff:

/s/ *Eric H. Zagrans*

Eric H. Zagrans  (0013108) (Trial Attorney)
ZAGRANS LAW FIRM LLC
1640 Roundwyck Lane
Columbus, Ohio 43065-8416
(440) 452-7100 (telephone)
(866) 261-2008 (facsimile)
eric@zagrans.com (e-mail)

*Attorney for Elise G.K. Morrison*

For Defendants:

/s/ *Aneca E. Lasley*

Aneca E. Lasley (0072366) (Trial Attorney)
Erica L. Arras (0101139)
ICE MILLER LLP
250 West Street, Suite 700
Columbus, Ohio 43215-7509
(614) 462-2700 (telephone)
(614) 462-5135 (facsimile)
aneca.lasley@icemiller.com (e-mail)
erica.arras@icemiller.com (e-mail)
*Attorneys for NCAA and Bethany Dannelly*


/s/ *Christopher E. Hogan*

Christopher E. Hogan (0070236) (Trial Attorney)
LUPER NIEDENTHAL & LOGAN L.P.A.
1160 Dublin Road, Suite 400
Columbus, Ohio 43215
(614) 221-7663 (telephone)
(866) 345-4948 (facsimile)
chogan@lnlattorneys.com (e-mail)
*Attorney for Capital University, Preston
         Day and Duaa Zaghmot*


/s/ *Aaron M. Glasgow*

Aaron M. Glasgow (0075466) (Trial Attorney)
ISAAC WILES BURKHOLDER & MILLER LLC
2 Miranova Place, Suite 700
Columbus, Ohio 43215
(614) 220-5170 (telephone)
(614) 365-9516 (facsimile)
aglasgow@isaacwiles.com (e-mail)
*Attorney for City of Bexley and Jeremy Grimes*